**MARIA M. NAVARRO, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, SHARON MILLER, THOMAS LEGUILLOU, and ALL CLAIMING TITLE TO PLOT 42 LITTLE FOUNTAIN, ST. CROIX, Defendants**

Civil No. 79/275

District Court of the Virgin Islands

Div. of St. Croix

May 22, 1981

MARK MILLIGAN, Esq., Christiansted, St. Croix, V.I., *for plaintiff*

WILLIAM MURRAY, Esq., Assistant Attorney General, Christiansted, St. Croix, V.I., *for defendant Government*

JOHN E. LENAHAN, ESQ., Christiansted, St. Croix, V.I., *for defendant Leguillou*

ROBERT ZIMMERMAN, ESQ., Christiansted, St. Croix, V.I., *for defendant Byrne & Brown Realty*

WEBER, *Judge, Sitting By Designation*

## OPINION

Plaintiff, Maria M. Navarro, purchased real estate by a land sale contract from one of the defendants. The purchase was arranged by the seller's broker, defendant Byrne & Brown Realty Associates, to whom plaintiff made installment payments. During the interim between the execution of the land sale contract and the transfer of title to Ms. Navarro, the property was sold by the Government of the Virgin Islands at public auction for the nonpayment of real estate taxes. The realtor continued to accept payments after the date of the tax sale. Ms. Navarro has brought suit against the former owner, the realtor, the government and the tax sale purchaser.

Before the court is the summary judgment motion of the realtor. As set forth more fully below, the court finds that the only cognizable claim alleged against the realtor is a tort claim for nondisclosure as defined by Restatement (Second) of Torts § 551. An essential element of this tort, in this case, is that the realtor actually knew of the tax sale prior to accepting her last payment for the property. The realtor's motion for summary judgment will be granted as to all other claims in plaintiff's complaint, but denied without prejudice as to plaintiff's § 551 claim. Plaintiff will be given sixty days to respond further to defendant's motion by producing further evidence to show that the element of actual knowledge is in dispute.

## II

The pleadings, exhibits attached to the pleadings, affidavits and interrogatories on file reveal that prior to the signing of the contract the realtor represented one Sharon Speas Miller to be the owner of the property. This was the only representation concerning title ever made by the realtor to the plaintiff. On May 24, 1977, Ms. Miller and Ms. Navarro entered a land sale agreement which provided for a down payment, periodic installment payments and the transfer of title after final payment. The contract refers to Byrne & Brown Realty as ". . . the broker who brought about this sale . . ." and provides for the broker's commission. This contract was never recorded.

On August 30, 1978, Ms. Navarro made her third and final payment. All payments were made to the account of Ms. Miller and were paid through the realtor's office. On September 27, 1978, Ms. Miller delivered a warranty deed to Ms. Navarro. On November 16, 1977, between the execution of the land sale contract and the transfer of title, the Virgin Islands Government had sold the property at public auction for nonpayment of 1975 real estate taxes. On March 14, 1978, the government issued a certificate of purchase to the highest bidder at the tax sale.

In support of its motion for summary judgment the realtor has submitted an affidavit denying any knowledge of the tax sale. In response thereto plaintiff has submitted an affidavit stating that a local newspaper contained five notices of the tax sale prior to its occurrence and that, therefore, the realtor had knowledge of the sale.

### III

Although plaintiff raises several claims, only her claim for tortious nondisclosure (Restatement (Second) of Torts § 551) is at all tenable under the facts presented. To the extent other claims are alleged, summary judgment will be entered in favor of the defendant realtor.

■■■ Plaintiff alleges that the realtor failed to record the land sale contract, that the realtor was negligent in failing to keep the taxes current and that the realtor willfully withheld information concerning the tax delinquency and the tax sale. There is plainly no tort duty on the realtor to either record the land sale contract or pay the taxes. Likewise, here, there is no contractual duty to perform these acts: even an agency contractual theory is precluded because the agency relationship and the principal's identity were clearly disclosed (Restatement (Second) of Agency § 328). There is no cause of action for fraudulent negligent or innocent misrepresentation (Restatement (Second) of Torts §§ 525, 552 and 552C respectively) as all these torts require an express representation which is false or misleading at the time it is made and the only express representation made by the realtor here was truthful when made. Finally, there can be no claim for fraudulent concealment (Restatement (Second) of Torts § 550): there is no indication that the realtor intentionally prevented plaintiff from acquiring relevant information; indeed, the tax delinquency and tax sale are both matters of public record.

■■■ Section 551 provides that in certain circumstances the failure to disclose a fact concerning a business transaction exposes the

nondisclosing party to the same liability ". . . as though he had represented the non-existence (of that fact)." In other words, in certain circumstances nondisclosure is treated as a fraudulent misrepresentation (see Restatement (Second) of Torts §§ 525–549). Section 551(2) establishes that actual knowledge is required for its application.

The court finds that if the plaintiff can prove that the realtor had actual knowledge of the tax sale yet continued to accept payments, then the plaintiff will have made out a breach of the duty to disclose set forth at § 551(2)(c), a failure to disclose subsequently acquired information which makes untrue a prior representation, and a breach of the duty to disclose set forth at § 551(2)(e), a failure to disclose a basic fact to the transaction which would reasonably be expected to be disclosed given the relationship of the parties. Conversely, without proof of actual knowledge, plaintiff must fail on this her only cognizable claim.

## IV

The realtor has denied any knowledge of the tax sale and rests its summary judgment motion on this denial. Plaintiff contends that there is a genuine dispute as to the element of knowledge and urges repeated public notices of the tax sale in support of her contention. The issue before the court is to determine whether summary judgment is appropriate under these circumstances.

The "actual knowledge" element requires proof of the realtor's state of mind. To a certain extent, the realtor's denial of knowledge of the tax sale places the realtor's credibility at issue. Courts are reluctant to resolve issues of credibility and issues of state of mind by summary judgment. Crosley v. Matson Navigation, 434 F.2d 75, 77 (5th Cir. 1970); see Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil §§ 2726, 2730. At the same time, the court will not force a defendant to go to trial simply because a plaintiff has asserted a cause of action in which state of mind is a necessary element. To survive a summary judgment motion, plaintiff must show some facts which put the defendant's credibility in issue or otherwise challenge defendant's version of his state of mind at the appropriate time. Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir. 1975).

Ms. Navarro has not produced sufficient facts to throw the realtor's denial of knowledge into question and thereby preclude summary judgment. This is not to say that plaintiff has failed to

produce anything which might suggest knowledge or that plaintiff is simply hoping that something will "turn up" at trial. (See Curl v. IBM, 517 F.2d 212 (5th Cir. 1975); Topp-Cola Co. v. Coca Cola, 185 F.Supp. 700 (D.C.N.Y. 1960).) Plaintiff has asserted that five notices of the tax sale appeared in a local newspaper. It is reasonable to suppose that realtors make some effort to keep abreast of tax sales. The public notice of the sale of the property creates some inference that Byrne & Brown Realty knew of the sale. The court is unwilling to conclude that this is sufficient to put the realtor's denial of knowledge into question. First, we have only Ms. Navarro's affidavit to indicate that such notices were published. This may not be in accord with the requirement of Rule 56(e) Fed. R. Civ. P. concerning evidence to be considered on a summary judgment motion. A proper proof of publication would be the best evidence. Second, the court is doubtful whether the fact of notice by publication alone would get plaintiff to the jury at trial. Third, and more important, the court is confident that plaintiff can determine whether further facts tending to demonstrate knowledge are available. Plaintiff might employ the tools of discovery and determine the existence of facts which would determine whether defendant should be required to go to trial on a claim that might be more expeditiously resolved in defendants' favor on a Rule 56 Fed. R. Civ. P. motion.

The court is unwilling to force the defendant to trial if plaintiff cannot or will not employ discovery tools to produce facts sufficient to demonstrate that there is a genuine dispute as to the extent of the realtor's knowledge of the tax sale. The court is also unwilling to enter summary judgment for the realtor when plaintiff has produced some evidence to dispute the realtor's denial of knowledge, even though the form of that evidence is questionable and the totality is deemed insufficient to defeat the motion. Accordingly, Ms. Navarro will be given 60 additional days in which to respond with some further evidence placing the realtor's denial of knowledge in dispute. If plaintiff fails to produce such evidence within said time or if the court deems her evidence insufficient, summary judgment will be entered in favor of Byrne & Brown Realty on the § 551 claim for tortious nondisclosure, upon the renewal of defendant's motion.

## ORDER

The matter being before the court on defendant Byrne & Brown Realty Associates' motion for summary judgment,

IT IS ORDERED that defendant's motion be, and hereby is, granted as to all plaintiff's causes of action except that of tortious nondisclosure;

IT IS FURTHER ORDERED that defendant's motion be, and hereby is, denied without prejudice as to plaintiff's cause of action for tortious nondisclosure except as set forth in the opinion in this matter of even date herewith.